# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFF

**National Comprehensive Cancer Network, Inc.**

(b) County of Residence of First Listed Plaintiff **Montgomery County, PA**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

**John V. Gorman**
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
215.963.5000

## DEFENDANT

**Florida Comprehensive Cancer Network, Inc., Florida Comprehensive Cancer Network, LLC., and Craig Deligdish**

County of Residence of First Listed Defendant ____________
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☒ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
**15 U.S.C. § 1114, 1125(a)**

Brief description of cause: **Trademark Infringement**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ **Over $75,000**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

**DATE: June 7, 2011**

SIGNATURE OF ATTORNEY OF RECORD
John V. Gorman, Morgan, Lewis & Bockius LLP

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| NATIONAL COMPREHENSIVE CANCER NETWORK, INC.<br><br>Plaintiff,<br><br>v.<br><br>FLORIDA COMPREHENSIVE CANCER NETWORK, INC., FLORIDA COMPREHENSIVE CANCER NETWORK, LLC., and CRAIG DELIGDISH<br><br>Defendants. | CIVIL ACTION<br>NO. ______________ |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus - Cases brought under 28 U.S.C. §2241 through §2255. ☐

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ☐

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ☐

(d) Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos. ☐

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ☒

(f) Standard Management – Cases that do not fall into any one of the other tracks. ☐

| June 7, 2011 | John V. Gorman | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |

| 215.963.5157 | 215.963.5001 | jgorman@morganlewis.com |
|---|---|---|
| **Telephone** | **Fax Number** | **Email Address** |

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: National Comprehensive Cancer Network, Inc., 275 Commerce Drive, Suite 300, Fort Washington, PA 19034

Address of Defendants: Florida Comprehensive Cancer Network, Inc., 1300 N. Semoran Blvd., Suite 165, Orlando, FL 32807; Florida Comprehensive Cancer Network, LLC., 1344 S. Apollo Blvd., Suite 400, Melbourne, FL 32901; Craig Deligdish, 95 Bulldog Blvd., Melbourne, FL 32901.

Place of Accident, Incident or Transaction: Nationwide, including Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock? (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes ☐ No ☒

Does this case involve multidistrict litigation possibilities: Yes ☐ No ☒

*RELATED CASE, IF ANY:*

Case Number: ________ Judge ________ Date Terminated: ________

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐ No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases **Trademark** (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, John V. Gorman counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: June 7, 2011 ________ [signature] Attorney-at-Law 80631 Attorney I.D.

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: June 7, 2011 ________ [signature] Attorney-at-Law 80631 Attorney I.D. #

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NATIONAL COMPREHENSIVE CANCER NETWORK, INC.**<br><br>**Plaintiff,**<br>**v.**<br><br>**FLORIDA COMPREHENSIVE CANCER NETWORK, INC., FLORIDA COMPREHENSIVE CANCER NETWORK, LLC., and CRAIG DELIGDISH**<br><br>**Defendants.** | **CIVIL ACTION NO.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

Plaintiff National Comprehensive Cancer Network, Inc. ("NCCN"), by and through its undersigned counsel, brings this action against Defendants Florida Comprehensive Cancer Network, Inc., Florida Comprehensive Cancer Network, LLC., and Craig Deligdish (unless individually specified, collectively "FCCN") for injunctive relief and damages under the laws of the United States, the Commonwealth of Pennsylvania, and the common law, and in support thereof avers as follows:

## THE PARTIES

1. Plaintiff NCCN is a Delaware non-profit corporation with its principal place of business at 275 Commerce Drive, Suite 300, Fort Washington, PA 19034.

2. Defendant Florida Comprehensive Cancer Network, Inc. is, upon information and belief, a Florida corporation with an address at 1300 N. Semoran Blvd., Suite 165, Orlando, FL 32807.

3. Defendant Florida Comprehensive Cancer Network, LLC. is, upon information and belief, a Florida limited liability company with an address at 1344 S. Apollo Blvd., Suite 400, Melbourne, FL 32901.

4. Defendant Craig Deligdish is, upon information and belief, a Florida individual with an address at 95 Bulldog Blvd., Melbourne, FL 32901.

**JURISDICTION AND VENUE**

5. This is an action for infringement of a federally registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; for federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for injury to business reputation and dilution in violation of 54 Pa. C.S. § 1124; for trademark infringement in violation of the common law; and for unfair competition in violation of the common law.

6. This Court has subject matter jurisdiction over the federal claims that relate to trademark infringement and unfair competition pursuant to 28 U.S.C. §§1331, 1338(a), 1338(b) and 15 U.S.C. § 1121.

7. Alternatively, this Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff NCCN is a citizen of one state and Defendants are citizens of another state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has supplemental jurisdiction over the claims that arise under the common law of Pennsylvania and 54 Pa. C.S. § 1124 pursuant to 28 U.S.C. § 1367(a), because such claims are so related to claims in the action within the Court's jurisdiction that they form part of the same case or controversy and derive from a common nucleus of operative facts.

9. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and (c) because, inter alia, the claims alleged in the Complaint arose, in part, in the Eastern District of Pennsylvania, and because this Court has personal jurisdiction over Defendants in the Eastern District of Pennsylvania.

## FACTS

### NCCN's Business and Its Trademarks

10. Plaintiff NCCN develops resources that present valuable information to the various stakeholders in the health care delivery system, including the establishment of clinical practice guidelines appropriate for use by patients, clinicians, and other health care decision-makers for the treatment of cancer.

11. Since at least as early as 1996, Plaintiff NCCN has used the NATIONAL COMPREHENSIVE CANCER NETWORK and NCCN trademarks in connection with the establishment and dissemination of guidelines for the treatment of cancer and the provision of related educational and informational services.

12. In addition to common law trademark rights established through the approximately 15 years of continued use of its trademarks in connection with its services, Plaintiff NCCN also owns, among others federal trademark registrations, the following incontestable registrations:

(a) NATIONAL COMPREHENSIVE CANCER NETWORK, Registration Number 2,653,163), registered November 26, 2002 and first used in commerce at least as early as March 3, 1996 for "establishing guidelines for the optimal treatment of rare and common cancers through dissemination of information to others concerning the guidelines"; and

(b) NCCN, Registration Number 2,052,732, registered April 15, 1997 and first used in commerce at least as early as March 3, 1996 for "educational services, namely, the establishment of guidelines for the optimal treatment of rare and common cancers".

True and correct copies of the certificates of registration for these service marks are attached to this complaint as Exhibit A.

13. Plaintiff NCCN's federal registrations for its NATIONAL COMPREHENSIVE CANCER NETWORK and NCCN marks provide constructive notice of NCCN's claim of ownership under 15 U.S.C. § 1072.

14. Further, the above-referenced registrations are incontestable pursuant to 15 U.S.C. § 1065, and thus provide conclusive evidence of Plaintiff NCCN's exclusive right to use the marks covered by the registrations in commerce in connection with the services specified in the registrations.

15. The substantial use and advertising of Plaintiff NCCN's marks throughout the United States since at least as early as 1996 has caused the NATIONAL COMPREHENSIVE CANCER NETWORK and NCCN marks to be associated solely and exclusively in the minds of consumers with NCCN's services.

16. Plaintiff NCCN has expended considerable resources and funds advertising and promoting the services identified by its marks, and consumers associate the NATIONAL COMPREHENSIVE CANCER NETWORK and NCCN marks with a consistently high level of quality and as an industry standard for such guidelines.

**<u>FCCN's Business and Its Unlawful Conduct</u>**

17. Upon information and belief, FCCN is in the business of providing a network of oncologists and other related healthcare professionals to cancer patients.

18. Upon information and belief, FCCN has and is currently providing such services under the FLORIDA COMPREHENSIVE CANCER NETWORK and FCCN marks.

19. Upon information and belief, FCCN provides such services, in part, through a website located at: http://fccn.net/.

20. Plaintiff NCCN has not consented to or authorized FCCN to use the confusingly similar FLORIDA COMPREHENSIVE CANCER NETWORK or FCCN marks in any way.

21. After learning about FCCN's use of such infringing marks, Plaintiff, through its counsel, sent Defendant Craig Deligdish a cease and desist letter on January 26, 2011, demanding the cessation of all use of the infringing FLORIDA COMPREHENSIVE CANCER NETWORK and FCCN marks, and the agreement not to use or seek to register in the future, any name or mark that is confusingly similar to Plaintiff's marks.

22. Notwithstanding this notice, FCCN continues to use the infringing marks and has failed to comply with Plaintiff's demands and the trademark and unfair competition laws, thereby necessitating the filing of this action.

23. Upon information and belief, FCCN is continuing to use the infringing FLORIDA COMPREHENSIVE CANCER NETWORK and FCCN marks despite constructive and actual knowledge of Plaintiff's substantial use of and exclusive rights to the NATIONAL COMPREHENSIVE CANCER NETWORK and NCCN marks.

24. FCCN's use of the infringing marks is causing and/or is likely to cause consumer confusion or mistake, or deceive consumers into thinking that FCCN and its services are authorized by, or affiliated, connected or otherwise associated with Plaintiff.

25. As a result of FCCN's unlawful conduct complained of herein, Plaintiff NCCN has and/or will suffer irreparable injury to its NATIONAL COMPREHENSIVE CANCER NETWORK and NCCN marks and to the goodwill and business reputation associated with the marks.

26. As a result of FCCN's unlawful conduct complained of herein, Plaintiff has and/or will be damaged financially.

27. As a consequence of FCCN's unlawful conduct, Defendant FCCN has also been unjustly enriched.

28. FCCN's unlawful conduct is and continues to be knowing, deliberate and willful.

## COUNT I

## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

29. Plaintiff NCCN incorporates by reference the allegations contained in paragraphs 1 through 28 of this Complaint.

30. FCCN has, without the consent of Plaintiff, used in commerce the FLORIDA COMPREHENSIVE CANCER NETWORK and FCCN trademarks, which are confusingly similar to Plaintiff's NATIONAL COMPREHENSIVE CANCER NETWORK and NCCN marks in connection with the sale, offering for sale, distribution and/or advertising of services and such use is likely to cause confusion or to cause mistake or to deceive.

31. The aforesaid acts of FCCN constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32. The aforesaid acts of FCCN have been intentional, willful and in bad faith.

33. Plaintiff NCCN has been and is likely to be damaged by FCCN's infringing and unlawful acts.

34. The acts of FCCN complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff NCCN to suffer irreparable harm.

35. Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

## COUNT II

## FEDERAL UNFAIR COMPETITION

36. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 35 of this Complaint.

37. The aforesaid acts of FCCN are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of FCCN or FCCN's services or commercial activities with NCCN or its services or commercial activities, or as to the origin, sponsorship, or approval of FCCN's services or commercial activities by NCCN.

38. The aforesaid acts of FCCN constitute false designation of origin and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. The aforesaid acts of FCCN have been intentional, willful and in bad faith.

40. Plaintiff NCCN has been and is likely to be damaged by FCCN's infringing and unlawful acts.

41. The acts of FCCN complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff NCCN to suffer irreparable harm.

42. Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT

43. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 42 of this Complaint.

44. The aforesaid acts of FCCN constitute trademark infringement in violation of common law.

45. The aforesaid acts of FCCN have been intentional, willful and in bad faith.

46. Plaintiff has been and is likely to be damaged by FCCN's infringing and unlawful acts.

47. The acts of FCCN complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff NCCN to suffer irreparable harm.

48. Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof.

**COUNT IV**

**COMMON LAW UNFAIR COMPETITION**

49. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 of this Complaint.

50. The aforesaid acts of FCCN constitute unfair competition in violation of common law.

51. The aforesaid acts of FCCN have been intentional, willful and in bad faith.

52. Plaintiff has been and is likely to be damaged by FCCN's infringing and unlawful acts.

53. The acts of FCCN complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff NCCN to suffer irreparable harm.

54. Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof.

**COUNT V**

**INJURY TO BUSINESS REPUTATION AND DILUTION (PENNSYLVANIA LAW)**

55. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 54 of this Complaint.

56. Plaintiff's NATIONAL COMPREHENSIVE CANCER NETWORK and NCCN marks are famous and entitled to protection from trademark dilution under Pennsylvania law.

57. FCCN's use of the infringing FLORIDA COMPREHENSIVE CANCER NETWORK and FCCN marks began after Plaintiff's marks became famous.

58. FCCN's use of its infringing marks has injured and will continue to injure Plaintiff's business reputation, in violation of 54 Pa. C.S. § 1124.

59. FCCN's use of its infringing marks has diluted and continues to dilute the distinctive quality of Plaintiff's famous NATIONAL COMPREHENSIVE CANCER NETWORK and NCCN marks, in violation of 54 Pa. C.S. § 1124.

60. The aforesaid acts of FCCN have been intentional, willful and in bad faith.

61. Plaintiff has been and is likely to be damaged by FCCN's infringing and unlawful acts.

62. The acts of FCCN complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff NCCN to suffer irreparable harm.

63. Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof pursuant to 54 Pa. C.S. § 1125.

**WHEREFORE**, Plaintiff NCCN requests that judgment be entered in its favor and against Defendants, and that the Court enter an order:

(a) preliminary and permanently enjoining Defendants, their officers, directors, employees, agents, assigns, servants, and any other person in active concert or participation with any of them, from using the infringing FLORIDA COMPREHENSIVE CANCER NETWORK and FCCN marks, and any other designation that is comprised of or incorporates "COMPREHENSIVE CANCER NETWORK" or "CCN", any colorable imitation thereof, or any other mark confusingly similar to Plaintiff's marks;

(b) preliminarily and permanently enjoining Defendants, , their successors, officers, agents and employees, and anyone acting in active concert or participation with or at the behest or direction of any of them, from seeking to register the infringing FLORIDA COMPREHENSIVE CANCER NETWORK and FCCN marks, and any other designation that is comprised of or incorporates "COMPREHENSIVE CANCER NETWORK" or "CCN", any colorable imitation thereof, or any other mark confusingly similar to Plaintiff's marks;

(c) requiring that all labels, packaging, wrappers, signs, prints, banners, posters, brochures, or other advertising, marketing, or other promotional materials bearing the infringing marks be destroyed, along with the means for making the same, and that all Internet web sites, online advertising, marketing, promotions or other online materials bearing the infringing marks be removed permanently;

(d) requiring Defendants to file with the Court and serve on Plaintiff's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

(e) declaring that Defendants' infringement and dilution was knowing, intentional, and willful;

(f) awarding Plaintiff compensation for any all damages, injury or harm incurred as a

result of Defendants' unlawful conduct;

(g) ordering full restitution and/or disgorgement of all profits and benefits that may have been obtained by Defendants as a result of their wrongful conduct;

(h) awarding Plaintiff treble damages resulting from Defendants' willful and intentional conduct;

(i) awarding Plaintiff punitive and exemplary damages;

(j) assessing Plaintiff's costs of this action and Plaintiff's attorneys' fees against Defendants; and,

(k) ordering or awarding any other such relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby makes demand for a trial by jury on all issues triable to a jury.

Respectfully submitted,

Dated: June 7, 2011

John V. Gorman (Pa. I.D. No. 80631)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001

ATTORNEY FOR PLAINTIFF
NATIONAL COMPREHENSIVE
CANCER NETWORK INC.

# EXHIBIT A

**Int. Cl.: 41**

**Prior U.S. Cls.: 100, 101 and 107**

**Reg. No. 2,052,732**

## United States Patent and Trademark Office

**Registered Apr. 15, 1997**

### SERVICE MARK
### PRINCIPAL REGISTER

**NCCN**

NATIONAL COMPREHENSIVE CANCERN NETWORK, INC. (DELAWARE CORPORATION)
50 HUNTINGDON PIKE, SUITE 200
ROCKLEDGE, PA 19046

FOR: EDUCATIONAL SERVICES, NAMELY, THE ESTABLISHMENT OF GUIDELINES FOR THE OPTIMAL TREATMENT OF RARE AND COMMON CANCERS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 3-3-1996; IN COMMERCE 3-3-1996.

SER. NO. 75-111,795, FILED 5-30-1996.

0IMBERLY PERRY, EXAMINING ATTORNEY

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
www.uspto.gov

REGISTRATION NO: 2052732 SERIAL NO: 75/111795 MAILING DATE: 03/28/2007
REGISTRATION DATE: 04/15/1997
MARK: NCCN AND DESIGN
REGISTRATION OWNER: NATIONAL COMPREHENSIVE CANCER NETWORK, I

**CORRESPONDENCE ADDRESS:**

M KELLY TILLERY
PEPPER HAMILTON LLP
18TH & ARCH STS
3000 TWO LOGAN SQ
PHILADELPHIA, PA 19103-2799

# NOTICE OF ACCEPTANCE

15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

**ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.**

**********************************************

# NOTICE OF RENEWAL

15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1059.

**ACCORDINGLY, THE REGISTRATION IS RENEWED.**

**********************************************

**THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):**
041.

GRAY, TERRITA E
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

**PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION**

ORIGINAL

Assignments on the Web > Trademark Query

# No assignment has been recorded at the USPTO

## For Serial Number: 75111795

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.1
Web interface last modified: Apr 30, 2009 v.2.1

**Int. Cl.: 42**

**Prior U.S. Cls.: 100 and 101**

**Reg. No. 2,653,163**
**Registered Nov. 26, 2002**

**United States Patent and Trademark Office**

**SERVICE MARK**
**PRINCIPAL REGISTER**

# NATIONAL COMPREHENSIVE CANCER NETWORK

NATIONAL COMPREHENSIVE CANCER NETWORK, INC. (DELAWARE CORPORATION)
50 HUNTINGDON PIKE, SUITE 200
ROCKLEDGE, PA 19046

FOR: ESTABLISHING GUIDELINES FOR THE OPTIMAL TREATMENT OF RARE AND COMMON CANCERS THROUGH DISSEMINATION OF INFORMATION TO OTHERS CONCERNING THE GUIDELINES, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 3-3-1996; IN COMMERCE 3-3-1996.

OWNER OF U.S. REG. NO. 2,139,829.

SEC. 2(F).

SER. NO. 75-943,697, FILED 3-14-2000.

TERESA M. RUPP, EXAMINING ATTORNEY

Side - 1

# NOTICE OF ACCEPTANCE AND ACKNOWLEDGEMENT OF §§8 & 15 DECLARATION

**MAILING DATE: Nov 3, 2008**

The combined declaration of use and incontestability filed in connection with the registration identified below meets the requirements of Sections 8 and 15 of the Trademark Act, 15 U.S.C. §1058 and 1065. The combined declaration is accepted and acknowledged. The registration remains in force.

For further information about this notice, visit our website at: http://www.uspto.gov. To review information regarding the referenced registration, go to http://tarr.uspto.gov.

**REG NUMBER:** 2653163
**MARK:** NATIONAL COMPREHENSIVE CANCER NETWORK
**OWNER:** NATIONAL COMPREHENSIVE CANCER NETWORK, I

Side - 2

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR TRADEMARKS
P.O. BOX 1451
ALEXANDRIA, VA 22313-1451

FIRST-CLASS MAIL
U.S POSTAGE PAID

M. Kelly Tillery
Pepper Hamilton LLP
Eighteenth and Arch Streets
3000 Two Logan Square
Philadelphia, PA 19103-2799

United States Patent and Trademark Office

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Assignments on the Web > Trademark Query

# No assignment has been recorded at the USPTO

### For Serial Number: 75943697

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.1
Web interface last modified: Apr 30, 2009 v.2.1

| .HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT